IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **MEBLIN XIOMAR FIGUEROA** | ) | Civil Action No. 7:07cv00329 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | By: Norman K. Moon |
| | ) | United States District Judge |

Meblin Xiomar Figueroa, a federal inmate proceeding *pro se*, filed a motion (Docket No. 24) pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure seeking to vacate this court's October 16, 2007 memorandum opinion order denying his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The court finds that this motion is for all intents and purposes is an unauthorized, successive § 2255 motion and, therefore, dismisses it without prejudice.

## I.

In 2007, Figueroa pled guilty to several drug and firearm crimes. Figueroa did not appeal. On July 2, 2007, Figueroa filed a § 2255 motion raising several ineffective assistance of counsel claims. By memorandum opinion and order entered October 16, 2007, the court denied Figueroa's § 2255 motion, finding that Figueroa waived his claims in his plea agreement. Figueroa appealed to the United States Court of Appeals for the Fourth Circuit which dismissed his appeal on April 21, 2008, after denying his motion for certificate of appealability. More than three and half years later, Figueroa has filed the instant Rule 60(b)(4) motion.

## II.

Rule 60(b) permits the court to relieve a party from a final judgment, order or proceeding for reasons of mistake, inadvertence, excusable neglect, or surprise. Rule 60(b) provides grounds for relief from a civil judgment, but is not appropriate to challenge a criminal conviction or sentence. See United States v. Tossie, 18 F. App'x 71 (4th Cir. 2001); United States v. O'Keefe, 169 F.3d 281, 289 (5th Cir. 1999); United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998).

Though Figueroa titles his motion as a Rule 60(b)(4) motion, he argues that the court did not have jurisdiction over his criminal proceeding, that the court failed to acknowledge the assistance he provided to the government, and that his plea was not knowing and voluntary. The United States Court of Appeals for the Fourth Circuit has specifically held that if a federal inmate, in a closed § 2255 action, attempts to bring a motion under Rule 60(b) that does not fall under the provisions of that rule, the court must address the pleading as a successive § 2255 motion. See United States v. Winestock, 340 F.3d 200 (4th Cir. 2003). Because Figueroa is challenging his underlying criminal proceedings, his pleading must be treated as a motion under § 2255. However, Figueroa previously pursued a § 2255 motion challenging the same conviction and sentence. The court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit. As Figueroa has not submitted any evidence of such certification by the Court of Appeals, the court must dismiss the instant § 2255 motion as successive.[1]

### III.

For the reasons stated, the court construes Figueroa's motion as a § 2255 motion and dismisses it as successive.

**ENTER**: This 30th day of March, 2012.

*Norman K. Moon*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[1] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.